■ In the Matter of RICHARD P. LUCAS, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to declare provisions of the respondents' inmate correspondence program unconstitutional, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Green, J.), dated July 15, 1986, which dismissed the proceeding.

Ordered that the judgment is modified, on the law, the proceeding is converted into an action for a declaratory judgment *(see,* CPLR 103 [c]), with the petition deemed the complaint, and it is declared the respondents' regulations 7 NYCRR 720.3 (b) (15), (17); (e) (6), which in effect require the intended recipient of inmate mail be identified as the addressee, and 7 NYCRR 720.3 (e), which permits inspection of business mail, do not implicate the petitioner's 1st Amendment rights, and further legitimate governmental objectives in a rational manner. As so modified, the judgment is affirmed,

without costs or disbursements *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

This appeal does not concern mail addressed to and intended for news media personnel, nor direct personal correspondence, nor content restrictions, and thus does not implicate the petitioner's 1st Amendment interests in protected speech *(see, Procunier v Martinez,* 416 US 396; *Matter of Milburn v McNiff,* 108 AD2d 860, *appeal discontinued* 65 NY2d 812; *cf. Pell v Procunier,* 417 US 817, 822; *Jones v North Carolina Prisoners' Union,* 433 US 119, 129-131). The petitioner has failed to establish that he has a 1st Amendment right to engage in business correspondence *(see, Valentine v Gray,* 410 F Supp 1394), and thus the respondents' regulation concerning inspection of business mail in order to prevent credit purchases by inmates (obligation of inmate funds) is rational and valid *(see, Matter of Milburn v McNiff, supra,* at p 862). Further, the respondents may require that the intended recipient of inmate mail be the addressee identified on the envelope in order to enable the respondents to supervise correspondence with minors, persons under parole and probation supervision and other inmates, to distinguish business mail from other mail and to ensure that the addressee is not on a negative correspondence list. That inmates may be able to circumvent the regulations, standing alone, does not render them irrational. And, in the absence of 1st Amendment considerations, the respondents need not employ the least restrictive measures to further legitimate institutional objectives. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.